UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV59-3-V
(5:05CR33-V)

| | |
|---|---|
| PAul WESLEY GAITHER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed June 11, 2007 (Document No. 1.)

A review of the record reflects that on June 29, 2005, Petitioner pled guilty, pursuant to a plea agreement to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 851 and one count of possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).[1] Magistrate Judge Carl Horn, after conducting a Plea and Rule 11 Hearing in which the Court asked Petitioner a series of questions which established the voluntariness of his plea, conditionally accepted Petitioner's guilty plea. (See 5:05cr33 Document No. 10.)

On June 20, 2006, this Court conducted a Sentencing Hearing in this matter.[2] On that

---

[1] The Court notes that pursuant to the plea agreement the parties also stipulated that the amount of cocaine base known to the defendant was more than 5 grams, but less than 50 grams, producing a base offense of 28. (Plea Agreement ¶ 7.)

[2] The Court notes that it has reviewed a realtime transcript of the Sentencing Hearing that was held on June 20, 2006. This transcript supports the undersigned's personal recollection of

1

occasion, the Court engaged the Petitioner in its standard, lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. Petitioner stated that he understood the nature of the charges against him; was satisfied with the services of his attorney; was freely and voluntarily entering into the plea and, in fact, committed the offenses with which he was charged. The Court reaffirmed its acceptance of the plea, found Petitioner guilty and sentenced Petitioner to a term of 77 months imprisonment on count two and 66 months on count three to run consecutively for a total of 137 months plus five years supervised release on each count to run concurrently.[3] Judgment was entered July 5, 2006 and Petitioner did not appeal. Petitioner filed the instant § 2255 motion on June 11, 1007 alleging that his criminal history was improperly calculated and that he was not well represented by his counsel because "he changed his phone number after [Petitioner] got sentenced he never came to see [Petitioner] when [Petitioner] had information to help and he never helped to get [Petitioner] a reasonable plea agreement he had [Petitioner] sign an open plea and told [Petitioner] that [Petitioner] would be looking at 8 to 9 years in prison." (Complaint at 8.)

## ANALYSIS

**I. INITIAL REVIEW AUTHORITY**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any

---

that proceeding.

[3] The government moved to dismiss count one on the Indictment at the Sentencing Hearing. The Court granted that motion.

relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that the Petitioner is not entitled to any relief on his claims.

## II. PETITIONER HAS WAIVED HIS RIGHT TO RAISE THE CLAIMS CONTAINED IN HIS MOTION

Petitioner's Plea Agreement specifically sets forth that Petitioner waived his right to challenge his sentence or conviction in post-conviction motions except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement ¶ 20.) At his Rule 11 hearing, Petitioner swore under oath that, among other things, he understood that he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding.[4] (Entry and Acceptance of Guilty Plea ¶ 25.)

The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's appellate rights.[5] Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement his rights

---

[4] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

[5] See, e.g. United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005); United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-406 (4th Cir. 2000); United States v. Brock, 211 F.3d 88, 92 n.6 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessels, 936 F.2d 165 (4trh Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial.)

under § 2255 to attack his conviction and sentence collaterally. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005). Consequently, inasmuch as the Petitioner has not alleged or suggested that his Plea Agreement somehow is invalid, this Court concludes that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to the Petitioner's attempts to challenge his conviction and sentence on the grounds raised in his Motion to Vacate relating to the improper calculation of his criminal history category.

### III. PROCEDURAL BAR

Even if Petitioner had not waived his rights to raise these claims in a § 2255 proceeding, he has procedurally defaulted this claim. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). A review of the record reveals that Petitioner did not file a direct appeal and therefore he did not raise these claims on direct appeal. Petitioner does not sufficiently allege any basis for finding that cause and prejudice exists to excuse his procedural default, nor does he allege that he is actually innocent. Accordingly, his failure to raise these claims on direct review has resulted in their being procedurally defaulted. Id.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In order to satisfy the performance prong, the Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In

4

making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065. The prejudice prong is satisfied by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697. Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice

prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

Petitioner claims that his counsel was ineffective because his counsel: (1) changed his phone number after Petitioner was sentenced; (2) never came to see Petitioner when Petitioner had information; (3) did not help Petitioner get a "reasonable plea agreement; and (4) told Petitioner he was looking at 8 to 9 years in prison.

It is important to note that Petitioner stated that he was satisfied with the performance of his counsel at his Rule 11 Hearing (Entry and Acceptance of Guilty Plea ¶ 30.) Moreover, at his sentencing hearing, Petitioner answered in the affirmative when asked if he was satisfied with the services of his attorney.

First, Petitioner claims his counsel was ineffective because he changed his phone number shortly after Petitioner was sentenced. Petitioner does not articulate how counsel's action with respect to changing his phone number was deficient nor how that action prejudiced him. Petitioner's allegation does not even come close to establishing either prong of the <u>Strickland</u> test for ineffective assistance of counsel. Therefore, this claim will be denied.

Next, Petitioner contends that his counsel never came to see him when he had information. First, Petitioner fails to articulate what helpful information he had to convey to his counsel. Next, Petitioner does not state how he was prejudiced by his counsel's failure to visit him so that he could convey this "helpful information" to his attorney. Furthermore, the Court notes that the government made a motion for a downward departure just prior to his sentencing hearing based on U.S.S.G §5K1.1. The fact that the government moved for a downward departure based on Petitioner's substantial assistance suggests that counsel conveyed to the government that his client was interested in cooperating and that Petitioner's "helpful information" was passed along to the government. Petitioner has not established deficient performance or prejudice as required pursuant to the <u>Strickland</u> test for ineffective assistance of counsel. Therefore, this claim will be denied.

Next, Petitioner contends that his counsel failed to get him a reasonable plea agreement. The Court notes that Petitioner was indicted on April 26, 2005 and less than two months later, signed a plea agreement on June 17, 2005 in which the government agreed to dismiss count one of the indictment. Next, at both his Rule 11 and Sentencing Hearings, Petitioner stated that he was satisfied with the services of his counsel and that no one had threatened, intimidated or forced him to sign the plea agreement. (Entry and Acceptance of Guilty plea ¶¶ 30, 27.)

7

Petitioner further stated that he understood the terms of his plea agreement and agreed with such terms. (Id. at ¶ 23.) Petitioner's own statements at both his Rule 11 and Sentencing Hearings reveal that Petitioner understood the terms of his plea and accepted such terms. Petitioner cannot now complain that his counsel was ineffective for failing to get him a "reasonable plea agreement." Further, Petitioner does not articulate how he was prejudiced by his counsel's alleged ineffectiveness. Petitioner simply has not established either prong of the Strickland test. Therefore, this claim is denied.

Finally, Petitioner contends that his counsel was ineffective because he told Petitioner he may be sentenced to about 8 to 9 years in prison. Petitioner was sentenced to 137 months which is over eleven years. However, during Petitioner's Plea and Rule 11 Hearing, Magistrate Judge Horn explained to Petitioner that the District Court would not be able to determine the sentencing guidelines range for him until after the presentence report had been prepared and that even if his sentence turns out to be more severe than Petitioner expected, he would still be bound by his guilty plea and could not withdraw such plea. After Judge Horn explained the above to Petitioner, Petitioner stated that he understood. (Entry and Acceptance of Guilty Plea at ¶¶ 11, 14.) Additionally, Petitioner's plea agreement states that "[t]he defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, **including defense counsel**, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count." (Plea Agreement ¶ 6) (Emphasis added).

The record in this case make clear that Petitioner was aware that the court would not be able to determine his sentence until after a presentence report and that any estimates regarding

8

the length of his sentence are predictions and not promises.  Petitioner has not established either prong of the Strickland test.  Therefore Petitioner's claim that his counsel was ineffective because he told Petitioner that he would receive 8 to 9 years this claim is denied.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to review of the claims contained in his Motion to Vacate relating to the improper calculation of his criminal history as he has waived his right to seek collateral review of such claims in his Plea Agreement and, in the alternative, those claim are procedurally barred.  Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.  With respect to Petitioner's allegations that his counsel was ineffective, Petitioner has failed to established either prong of the Strickland test, therefore, these claims are denied and dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document NO. 1) is **DENIED AND DISMISSED.**

**SO ORDERED**.

Signed: July 9, 2007

Richard L. Voorhees
United States District Judge